IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HERBERT "SKIP" BOWEN, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO.: |
| ARROWHEAD LOCK & SAFE, INC. and FRAN HENDERSON | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Herbert "Skip" Bowen, and files this complaint against Defendants Arrowhead Lock & Safe, Inc. (hereinafter "Arrowhead") and Fran Henderson (hereinafter "Henderson") and shows the following:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action also seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wages and overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

3.

This action also seeks damages for breach of contract and/or promissory estoppel for Defendants' failure to fulfill its promise to pay Plaintiff a stipend in lieu of benefits.

**JURISDICTION AND VENUE**

4.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's former work location: 2211 Marietta Boulevard NW, Atlanta, Georgia 30318.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

**PARTIES**

6.

Plaintiff is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court.

7.

Defendant Arrowhead is a registered Georgia corporation.

8.

Defendant Arrowhead may be served with process by delivering a copy of the summons and complaint to its registered agent, Fran Henderson, 2211 Marietta Boulevard NW, Atlanta, Georgia 30318.

9.

Defendant Henderson may be served with process by delivering a copy of the summons and complaint to her work address, 2211 Marietta Boulevard NW, Atlanta, Georgia 30318.

## **FACTUAL ALLEGATIONS**

10.

Arrowhead is a locksmith company owned by Defendant Henderson.

11.

Plaintiff and others similarly situated (the "FLSA Collective") are individuals who were employed as locksmiths at Arrowhead during the three years prior to the filing of this lawsuit and were not paid overtime when working over 40 hours per week.

12.

Plaintiff was hired as a locksmith in August 2016, earning a salary of $900

per week.

13.

In March 2017, Plaintiff's pay was raised to $1,100 per week, although Plaintiff did not receive a proper pay check stub, so he is unsure of the exact amount.

14.

Plaintiff was also promised $150 per month as a stipend in exchange for purchasing his own health insurance. He received this amount only once in 11 months of employment.

15.

For after-hours calls (after 5pm), Plaintiff was supposed to get 50% of the amount paid to Arrowhead. He received this twice, both times it was coded as "reimbursement."

16.

Plaintiff generally worked about 60 hours per week, including 20 hours of overtime.

17.

Plaintiff worked about six months at $900 per week ($22.50 per hour) and five months at $1,100 per week ($27.50 per hour).

18.

Plaintiff should have been paid 1.5 times his hourly rate for each hour of overtime, but was not paid any premium for his overtime hours.

19.

Plaintiff's good faith estimate of his unpaid overtime wages is $16,200 ($22.50 x 1.5 x 20 hours = $675 x 24 weeks) plus $16,500 ($27.50 x 1.5 x 20 hours = $825 x 20 weeks) for a total of $32,700.

20.

Upon information and belief, other locksmiths working at Arrowhead during the last three years have similar unpaid overtime claims.

21.

Plaintiff complained to Defendant Henderson about the unpaid overtime in July 2017.

22.

Defendant Henderson refused to pay Plaintiff the unpaid overtime and thus, Plaintiff resigned on or around July 20, 2017.

23.

Defendant Henderson is the owner of Arrowhead Lock & Safe, Inc.

24.

Defendant Henderson had discretion over Plaintiff's working hours,

employment status, and overtime compensation.

25.

Defendant Henderson acts both directly and indirectly in the interest of Arrowhead and was in a supervisory position over Plaintiff.

26.

Defendant Arrowhead is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

27.

Defendant Henderson is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

28.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

29.

At all relevant times, Defendant Arrowhead has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, et. seq.

30.

At all times relevant, Defendant Arrowhead has employed and continues to employ, employees, including Plaintiffs, who engage or engaged in commerce or

6

in the production of goods for commerce.

31.

At all times relevant, upon information and belief, Defendant Arrowhead has had an annual gross volume of sales made or business done in excess of $500,000.00.

32.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201, et. seq., apply to Defendants and protect Plaintiff.

33.

Plaintiff has consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

34.

Plaintiff and the FLSA Collective he seeks to represent allege violations of the FLSA on behalf of all persons who were, are, or will be employed by Defendants during the past three years, who have not been compensated at least minimum wage for all hours worked and/or one and one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

# CAUSES OF ACTION

## I. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act (FLSA Collective).

35.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

36.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

37.

Plaintiff estimates that he is owed the following overtime wages: $16,200 ($22.50 x 1.5 x 20 hours = $675 x 24 weeks) plus $16,500 ($27.50 x 1.5 x 20 hours = $825 x 20 weeks) for a total of $32,700.

38.

Plaintiff estimates that he is entitled to recover $32,700.00 in unpaid overtime wages plus an equal amount in liquidated damages for a total of $65,400.00.

## II. Breach of Contract.

39.

Defendants' promised to provide a $150 per month insurance stipend during the months Plaintiff worked for Defendants.

40.

Defendants' failure to abide by their promise in 10 of the 11 months Plaintiff worked for Defendants' is a breach of contract.

41.

Plaintiff has suffered losses of $1,500 due to Defendants' failure to provide the promised benefit.

## III. Promissory Estoppel.

42.

Defendant promised to provide a $150 monthly stipend and Plaintiff reasonably relied on these promises when he began working for Defendants.

43.

Plaintiff suffered to his detriment when he did not receive the promised benefit in 10 of the 11 months Plaintiff worked for Defendants.

44.

Plaintiff has suffered losses of $1,500 due to Defendants' failure to provide the promised benefit.

45.

An injustice can only be avoided by enforcement of Defendants' promises via payment for Plaintiff's losses.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff and the FLSA Collective unpaid minimum wages and overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C) Enter declaratory judgment declaring that Plaintiff's rights and the rights of the FLSA Collective have been violated;

(D) Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

(E) Enter judgment awarding Plaintiff damages for breach of contract; and

(F) Enter judgment awarding Plaintiff damages for promissory estoppel.

Respectfully submitted, this 3rd day of November, 2017.

**THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff