# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HERBERT "SKIP" BOWEN, ) <br> Individually and on behalf of ) <br> other persons similarly situated, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARROWHEAD LOCK & SAFE, ) <br> INC. and FRAN HENDERSON ) <br> ) <br> Defendants. ) | Civil Action File No. <br> 1:17-cv-04418-ELR <br><br> JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS

Defendants Arrowhead Lock & Safe, Inc. and Fran Henderson ("Defendants"), by and through their undersigned counsel, file their Answer and Counterclaims to Plaintiff Herbert "Skip" Bowen's ("Plaintiff's") Complaint as follows:

## ALLEGATIONS AS TO NATURE OF COMPLAINT

1. Defendants acknowledge that Plaintiff has brought this action "to obtain full and complete relief and to redress the unlawful employment practices described herein." Defendants deny that Plaintiff is entitled to any relief and deny any unlawful employment practices.

2. Defendants acknowledge this action seeks the relief stated in paragraph 2 of Plaintiff's Complaint. Defendants deny that Plaintiff is entitled to any such relief and deny that they violated federal mandated minimum wage and overtime laws during the relevant time period.

3. Defendants acknowledge this action seeks damages for breach of contract and/or promissory estoppel for Defendants' alleged failure to fulfill a promise to pay Plaintiff a stipend in lieu of benefits. Defendants deny Plaintiff is entitled to any such damages and deny they failed to pay Plaintiff the alleged stipend.

## ALLEGATIONS AS TO JURISDICTION AND VENUE

4. Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny that any unlawful employment practices were committed within this District at Plaintiff's former work location. Defendants admit that venue is appropriate in this Court.

## ALLEGATIONS AS TO PARTIES

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

10. Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendants deny that Plaintiff is "similarly situated" to any other locksmiths employed by Defendant Arrowhead. Defendants further deny that Arrowhead failed to pay Plaintiff or any other locksmiths overtime when working over 40 hours per week.

12. Defendants deny that Plaintiff was hired in August 2016. Defendants admit his salary was $900/week.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of Plaintiff's Complaint as Defendants have no knowledge about what Plaintiff's "good faith estimate of his unpaid overtime wages is." Defendants deny that Plaintiff is entitled to any unpaid overtime wages.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint as to Defendant Henderson. Defendants admit the allegations contained in paragraph 28 of Plaintiff's Complaint as to Defendant Arrowhead.

29. Defendants admit the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants admit the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants admit the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants admit the allegations contained in paragraph 32 of Plaintiff's Complaint as to Defendant Arrowhead.  Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint as to Defendant Henderson.

33. Defendants admit the allegations contained in the first sentence of paragraph 33 of Plaintiff's Complaint.  Defendants deny the allegations contained in the second sentence of paragraph 33 of Plaintiff's Complaint.

34. Defendants acknowledge that Plaintiff alleges the violations of the FLSA stated in paragraph 34 of Plaintiff's Complaint.  Defendants deny all of the alleged violations of the FLSA and deny that Plaintiff can represent any collective.

## **ALLEGATIONS AS TO FIRST CAUSE OF ACTION**
(Fair Labor Standards Act: Unpaid Overtime Wages)

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants acknowledge that Plaintiff has brought this lawsuit to recover the relief stated in paragraph 36 of Plaintiff's Complaint.  Defendants deny that Plaintiff is entitled to recover any such relief.

37. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint as Defendants have no knowledge about what Plaintiff "estimates." Defendants deny that Plaintiff is entitled to any unpaid overtime wages.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint as Defendants have no knowledge about what Plaintiff "estimates." Defendants deny that Plaintiff is entitled to any unpaid overtime wages or liquidated damages.

## ALLEGATIONS AS TO SECOND CAUSE OF ACTION
(Breach of Contract)

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

## ALLEGATIONS AS TO THIRD CAUSE OF ACTION
(Promissory Estoppel)

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

## Response to Prayer for Relief

The remainder of the Complaint is a prayer for relief requiring neither an admission nor a denial by Defendants. To the extent, however, the prayer gives rise to any inferences such relief is proper or that Plaintiff is entitled to any remedy or relief from Defendants, such inferences are denied.

Defendants deny any and all allegations in the Complaint that are not specifically admitted above in their entirety, including, in particular any allegations contained in the section headings of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES[1]

In addition to the foregoing admissions and denials, Defendants assert the following affirmative and other defenses. The factual bases for the following affirmative and other defenses are set forth in further detail in the foregoing responses to the allegations contained in the Complaint, which are re-alleged and incorporated herein by reference. Defendants assert these defenses as to Plaintiff's claims individually and as to the claims of any Opt In Plaintiffs.

## FIRST DEFENSE

Plaintiff's claims and the claims of any putative class members are barred to the extent that Plaintiff's Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims and the claims of any putative class members are barred to the extent that Plaintiff has failed to plead a *prima facie* case arising under the FLSA.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

## THIRD DEFENSE

Plaintiff's claims and the claims of any putative class members under the FLSA are barred to the extent that Defendants' actions have been taken in good faith, in conformity with, and reliance upon established rulings, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. § 259.

## FOURTH DEFENSE

Plaintiff's claims and the claims of any putative class members under the FLSA are barred to the extent that Plaintiff seeks damages beyond the applicable limitations periods.

## FIFTH DEFENSE

Plaintiff's claims and the claims of any putative class members are barred to the extent that Plaintiff cannot establish that any acts or omissions of Defendants were willful under the FLSA.

## SIXTH DEFENSE

Plaintiff's claims and the claims of any putative class members under the FLSA are barred to the extent that Plaintiff or any putative class member submits false and inaccurate time records or statements of his or her hours of work. In such

situations, Plaintiff's claims and the claims of any putative class members are barred in whole or in part by the doctrines of estoppel and unclean hands.

### SEVENTH DEFENSE

Defendants' actions have been taken in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA within the meaning of 29 U.S.C. § 260. Thus, Plaintiff and any Opt In Plaintiffs are not entitled to recover liquidated damages in this case.

### EIGHTH DEFENSE

Even if the allegations contained in Plaintiff's Complaint are true (which they are not), Plaintiff and any putative class member are only entitled to half-time for all hours worked over 40 rather than time-and-a-half because Plaintiff's and any putative class member's salaries were earned over all hours worked.

### NINTH DEFENSE

Plaintiff's claims and the claims of any putative class members are barred to the extent that Plaintiff or any putative class member seeks to assert claims on behalf of other employees who are not similarly situated for purposes of the FLSA.

### TENTH DEFENSE

Plaintiff's claims and the claims of any putative class members are barred to the extent that Defendants are entitled to credits under 29 U.S.C. § 207(h)

including but not limited to overtime premium payments for hours worked outside of Plaintiff and the putative class members' schedules.

### ELEVENTH DEFENSE

Plaintiffs' claims and the claims of any Opt In Plaintiffs are barred to the extent that Plaintiff or any Opt In Plaintiff seeks compensation for activities that are not compensable under FLSA, including but not limited to under the Portal-to-Portal Act, 29 U.S.C. § 254.

### TWELFTH DEFENSE

Even if the allegations contained in Plaintiffs' Complaint are true (which they are not), to the extent that the time for which Plaintiffs or any Opt In Plaintiffs allege they not been compensated involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA.

Because Plaintiff's Complaint is phrased in conclusory terms, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

## DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF

Defendants assert the following counterclaims against Plaintiff/Counter-Defendant Herbert "Skip" Bowen ("Plaintiff").

## FACTUAL ALLEGATIONS

1.

Defendant Arrowhead Lock & Safe, Inc. ("Arrowhead" or the "Company") employed Plaintiff during the time period relevant to this counterclaim.

2.

On November 16, 2016, Defendant Arrowhead loaned Plaintiff $500.00 on the condition that he would repay the loan. To date, Plaintiff has not repaid Defendant Arrowhead for this loan.

3.

On January 20, 2017, Defendant Arrowhead loaned Plaintiff $695.00 on the condition that he would repay the loan. To date, Plaintiff has not repaid Defendant Arrowhead for this loan.

4.

Defendant Arrowhead provides its locksmiths with access to a cash emergency fund to be used for work-related emergencies. On or about November

26, 2016, Plaintiff took without permission at least $150.00 from the Company's cash emergency fund for his own personal gain.

5.

Defendant Arrowhead has learned that during his employment, Plaintiff took without permission at least $985.76 from the Company when its customers paid cash for services rendered.

## COUNT I: UNJUST ENRICHMENT

6.

Defendants incorporate by reference Paragraphs 1 through 5 of their Counterclaim as if fully set forth herein.

7.

Plaintiff has knowingly received and obtained the loan money and money he took without permission from Defendant Arrowhead.

8.

Plaintiff has unjustly benefited from the loan money and money he took without permission from Defendant Arrowhead.

9.

Equity and good conscience require Plaintiff to repay the loan money and the money he took without permission from Defendant Arrowhead to Defendant Arrowhead.

10.

Plaintiff had no reasonable expectation that he would be entitled to retain the loan money or money he took without permission from Defendant Arrowhead.

11.

Plaintiff should be required to return the money to which he was not entitled, plus prejudgment interest.

## **COUNT II: CONVERSION**

12.

Defendants incorporate by reference Paragraphs 1 through 11 of their Counterclaim as if fully set forth herein.

13.

The money that Defendant Arrowhead loaned to Plaintiff and the money that Plaintiff took without permission from the Company belong to Defendant Arrowhead. Plaintiff has no right of possession in this money.

14.

Nevertheless, Plaintiff remains in possession of this money that belongs to Defendant Arrowhead.

15.

Accordingly, Plaintiff should be required to return to Defendant Arrowhead all money to which he is not entitled, plus prejudgment interest.

### COUNT III: ATTORNEYS' FEES

16.

Defendants incorporate by reference Paragraphs 1 through 15 of their Counterclaim as if fully set forth herein.

17.

Plaintiff has failed to return to Defendant Arrowhead the money to which he is not entitled.

18.

Rather than return the money to which he is not entitled, Plaintiff has acted in bad faith, has been stubbornly litigious, and has caused Defendants unnecessary trouble and expense.

19.

Accordingly, Defendants are entitled to recover their expenses of litigation, including reasonable attorneys' fees.

**WHEREFORE**, Defendants respectfully request that the Court:

(a) dismiss with prejudice Plaintiff's Complaint in its entirety;

(b) judgment be entered against Plaintiff and in favor of Defendants on Defendants' counterclaims and award Defendants all money to which Plaintiff is not entitled, plus prejudgment interest;

(c) award Defendants their costs, disbursements, and attorneys' fees; and

(d) award Defendants such other and further relief as this Court may deem appropriate.

Respectfully submitted this 11th day of January, 2018.

        */s/ Eric R. Magnus*
        Eric R. Magnus
        Georgia Bar No. 801405
        Dania Haider
        Georgia Bar No. 477587
        magnuse@jacksonlewis.com
        dania.haider@jacksonlewis.com
        JACKSON LEWIS P.C.
        1155 Peachtree Street

Suite 1000
Atlanta, Georgia 30309-3600
Telephone: (404) 525-8200
Fax: (404) 525-1173

ATTORNEYS FOR DEFENDANTS

# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HERBERT "SKIP" BOWEN, ) | |
| Individually and on behalf of ) | |
| other persons similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:17-cv-04418-ELR |
| ) | |
| ARROWHEAD LOCK & SAFE, ) | JURY TRIAL DEMANDED |
| INC. and FRAN HENDERSON ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2018, a copy of the foregoing **ANSWER AND COUNTERCLAIMS** was filed with the Clerk of the Court via the Case Management/Electronic Court Filing system which will automatically send an email notification of such filing to the following counsel of record:

PAUL J. SHARMAN
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022

*/s/ Eric R. Magnus*
Eric R. Magnus
Georgia Bar No. 801405

4841-9642-6585, v. 2